PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline. The Florida Bar served its consolidated complaint on January 29, 1976, alleging that the respondent, Ray Hill, was at all times pertinent, a member of The Florida Bar and subject to the jurisdiction and disciplinary rules of the State of Florida. The complaint was filed by The Florida Bar, by direction of the Board of Governors and all conditions prerequisite to the filing of said complaint, required by the Integration Rule were fulfilled.
In 1974, the respondent represented Judith Ann Johnston in a personal injury claim against Honda City of Daytona Beach, Florida, and settled the claim for $1,500. In June 1974, respondent mailed two checks totaling $1,500 to his client requesting her to endorse and return them which she did. Despite advising his client her portion of the settlement, which was $1,000, would be forwarded and two later telephonic demands by her mother, the respondent has never forwarded any portion of the money to his client.
In 1972, the respondent represented Rosetta Gosling, a Canadian resident, in a personal injury claim against a Daytona Beach supermarket. After obtaining a settlement in favor of his client for $17,500 and deducting his agreed fee of $7,000, the respondent issued a portion of the remainder to his client and retained $4,030.10 to be utilized in paying medical expenses. Despite numerous inquiries from her Canadian attorneys, he has failed to pay those medical expenses, to account for the funds or to deliver any of the balance to her.
In 1973, the respondent represented Charles Wade in a dissolution proceeding against his wife in Volusia County, Florida. After borrowing $1,034.95, Mr. Wade delivered the money to his attorney who was to disburse it to his ex-wife and her attorney to satisfy alimony payments and attorneys fees pursuant to the court order. Despite several promises and demands by the wife’s attorney, the respondent has failed to deliver those funds to Mrs. Wade.
In 1974, the respondent represented Otho and Elinor Wright in a personal injury suit arising out of an automobile accident. He reached a settlement with the insurance company for $8,050 which was duly paid in July 1974. He delivered to Otho Wright a total of only $1,650 in cash from these funds. Despite numerous demands by his clients, they have received no accounting for the funds, no additional funds nor have any of the funds been used to pay medical or other expenses on their behalf.
By reason of the foregoing conduct, respondent has violated Florida Bar Code of Professional Responsibility, DR1-102(A)(3), 1 — 102(A)(4), 9-102(A), 9 — 102(B)(3) and 9-102(B)(4) and Florida Bar Integration Rule, Article XI, Rules 11.02(3)(a), 11.02(3)(b) and 11.02(4) and has engaged in felonious conduct in violation of Section 811.021, Florida Statutes (1973).
The petition for approval of conditional guilty plea and entry of final order of discipline is granted and Ray Hill is hereby disbarred from the practice of law in Florida, with any future readmittance specifically conditioned upon full compliance with the rules and regulations governing admissions to the Bar and with directions that no application be tendered or accepted within three years of the date of this order; that no application be tendered or accepted until proof is provided by respondent of full restitution to any and all injured clients, whether listed in the complaint or as may be discovered; that no application be tendered or accepted until prior reimbursement is made to the Clients’ Security Fund for any payments made by reason of respondent’s misappropriation; and that his agreement not to work for lawyers or law firms in any capacity until readmittance is accepted.
Costs in the amount of $356.75 are hereby taxed against the respondent.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD and ENGLAND, JJ., concur.